# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** _____ |
| v. | : | **DATE FILED:** _____ |
| **KEVIN SPRATT** | : | **VIOLATIONS:** <br> 18 U.S.C. § 1344 (bank fraud - 1 count) |
| | : | 18 U.S.C. § 1028A (aggravated identity theft –1 count) |
| | : | Notice of forfeiture |

## INFORMATION

### COUNT ONE

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times material to this information:

1. A federal credit union known to the United States Attorney ("FCU") was a financial institution, the deposits of which were insured by the National Credit Union Administration.

2. FCU operated a branch office located on South Broad Street in Philadelphia, Pennsylvania.

3. Defendant KEVIN SPRATT was employed at that FCU branch location as a senior branch sales representative. His duties included, among other things, opening new accounts and processing loan applications.

4. It was FCU's policy that a senior branch sales representative could only deposit funds into, and withdraw funds from, an FCU member's account if the member was physically present in the credit union branch and requested that the senior branch sales representative facilitate the transaction. The actual transactions could only be conducted if

processed by an FCU teller after that teller was provided with evidence from the senior branch sales representative that the requesting member was present in the credit union at the time of the transaction.

5. R.C., L.C., M.D., M.R., C.H., X.N., S.N., A.C., G.G., D.D., E.S., K.G., M.G., J.P., J.B., and M.B., were FCU members whose FCU accounts were serviced by defendant KEVIN SPRATT.

6. From on or about October 1, 2018, though in or about late 2022, in the Eastern District of Pennsylvania, defendant

### KEVIN SPRATT

knowingly executed, and attempted to execute, a scheme to defraud FCU, a financial institution insured by the National Credit Union Administration, and to obtain money, funds credits, assets and other property, owned by and under the custody and control of that credit union by means of false and fraudulent pretenses, representations, and promises.

### THE SCHEME

7. On various dates from in or about October 2018, through in or about late 2022, without the knowledge or consent of FCU members X.N., S.N., G.G., A.C., D.D., E.S., K.G., M.G, J.P., and M.B., defendant KEVIN SPRATT applied for loans in their names and received monies from those loans which he had processed. Upon receipt of these monies, defendant SPRATT converted them to his own use.

8 On various dates from in or about early 2020, through in or about late 2022, without the knowledge or consent of FCU members R.C., L.C., M.D., M.R., C.H., X.N., S.N., G.G., A.C., J.P., J.B., and M.B., defendant KEVIN SPRATT facilitated the withdrawal of monies from their respective FCU accounts by, among other things, falsely representing to FCU

tellers that R.C., L.C., M.R., X.N., S.N., G.G., A.C., J.P., J.B. and M.B. had requested that monies be withdrawn from their accounts and were present in the branch office during the withdrawals. Upon receipt of these monies from the tellers, defendant SPRATT converted them to his own use.

9. As a result of defendant KEVIN SPRATT's false and fraudulent pretenses and representations, as articulated in paragraphs 7 and 8 of this information, defendant SPRATT fraudulently received approximately $772,155.84 that had been under the custody and control of FCU.

All in of violation of Title 18, United States Code, Section 1344.

## COUNT TWO

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

On or about January 30, 2021, in the Eastern District of Pennsylvania, defendant

**KEVIN SPRATT**

knowingly and without lawful authority used a means of identification of another person, that is, A.C.'s name, without A.C.'s knowledge or consent, to unlawfully apply for and process an application for a $14,500 FCU loan in A.C.'s name, and after receipt of the proceeds of the loan, converted the proceeds to his own use, during and in relation to the commission of the bank fraud, charged in Count One of this information, knowing that the means of identification belonged to a real person.

In violation of Title 18, United States Code, Section 1028A(a)(1), (c)(5).

# NOTICE OF FORFEITURE

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1. As a result of the violation of Title 18, United States Code, Section 1344, set forth in this information, defendant

**KEVIN SPRATT**

shall forfeit to the United States of America any property that constitutes, or is derived from, proceeds obtained directly or indirectly from the commission of such violations including, but not limited to, the sum of $772,155.84.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States, 982.

*Christine E. [signature] for*
**JACQUELINE C. ROMERO**
**UNITED STATES ATTORNEY**

No. _ _ _ _ _ _ _ _ _ _

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

<u>Criminal Division</u>

THE UNITED STATES OF AMERICA

vs.

Kevin Spratt

INFORMATION

Counts
18 U.S.C. § 1344 (bank fraud - 1 count), 18 U.S.C. § 1028A (aggravated identity theft – 1 count), Notice of Forfeiture

A true bill.

_____
Foreperson

Filed in open court this _____ day,
Of _____ A.D. 20 _____
_____
Foreperson

Bail, $ _____